IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 109-040 |
| | ) | |
| ALEX RODGER, III | ) | |

# ORDER

After a careful, *de novo* review of the file,[1] the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections (doc. nos. 127, 132) have been filed. While several of Defendant's objections merit further comment, they do not change the Court's opinion with respect to the Report and Recommendation.

In this case, the government has accused *pro se* Defendant of robbing the Bank of America at 2853 Washington Road in Richmond County on February 13, 2009, and has charged Defendant with (1) armed robbery of a bank in violation of 18 U.S.C. § 2113(a) & (d), and (2) carrying, using, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. no. 1.) Defendant filed several motions to suppress the evidence obtained from the trunk of his vehicle shortly after the robbery, as well as all identification testimony related to the "show-up" conducted at the Bank of America on the same day. (Doc. nos. 22, 25, 29, 35.) Following multiple hearings on Defendant's motions,

---

[1] Including, but not limited to, Defendant's objections to the Magistrate Judge's Report and Recommendations (doc. nos. 127, 132), the Government's response (doc. no. 136), and Defendant's subsequently filed correction to supplemental objections (doc. no. 139).

the Magistrate Judge recommended that Defendant's motions to suppress be denied, specifically finding that (1) the roadblocks in question were constitutional, (2) there was probable cause to arrest Defendant, (3) Defendant voluntarily consented to the search of his car, and (4) the circumstances under which the show-up was conducted were not unduly suggestive. (See generally doc. no. 116).

In his objections to the Report and Recommendation, Defendant contends that at the hearings held on March 19, 2010, the Magistrate Judge impermissibly suggested to Mr. Douglas Graves and Ms. Gloria Ivory, two of the witnesses who participated in the show-up and testified at the suppression hearings, that they should testify that they had previously identified Defendant as the robber at the time of the show-up. (Doc. no. 127, pp. 32-33.) However, the record does not support Defendant's contentions. Indeed, a review of the transcript of the hearings reveals that, with respect to Mr. Graves, Defendant improperly attempted to show this witness certain surveillance photographs of the robber even though Mr. Graves had testified that he did not see any such photographs before he participated in the show up. (Doc. no. 122, p. 20.) When Defendant objected to the Magistrate Judge's ruling that these photographs were irrelevant, the Magistrate Judge responded, "Those photographs don't have anything to do with the show-up that was done in this case . . . . He didn't look at those photographs before he identified you . . . [and] therefore, those photographs are not relevant to this hearing . . . ." (Id.)

Defendant appears to take issue with the second phrase quoted above, which he contends unfairly suggested to Mr. Graves that he should testify that he previously identified Defendant as the robber. However, Defendant has taken this statement out of context and

2

has ignored the fact that during Defendant's examination of Mr. Graves, Mr. Graves consistently referred to the robber as "you" when describing the events leading up to the robbery and his observation of the robber immediately after the robbery had occurred. (See id. at 11-12.) In light of Mr. Graves' prior statements regarding the identity of the robber, the Court finds that this comment by the Magistrate Judge did not suggest to Mr. Graves that he should testify that he previously identified Defendant as the robber.

With respect to Ms. Ivory, Defendant appears to take issue with the following exchange between the Magistrate Judge and Ms. Ivory, which occurred after Defendant attempted to show Ms. Ivory surveillance photographs taken of the robber, even though the Magistrate Judge had previously ruled with respect to Mr. Graves that the photographs were not relevant:

> MAGISTRATE JUDGE: Did you participate in a show-up later that day where they brought a subject to the bank?
>
> MS. IVORY: Yes.
>
> MAGISTRATE JUDGE: And were you asked whether or not you recognized that subject?
>
> MS. IVORY: Yes.
>
> MAGISTRATE JUDGE: Did you see those photographs before they brought that subject to the bank or after they brought him to the bank?
>
> MS. IVORY: . . . . I don't remember if I saw them before or after.
>
> MAGISTRATE JUDGE: Well, that's all right if you don't remember. Did you make an identification when they brought this person back to the bank?

3

| | |
|---|---|
| MS. IVORY: | When they did, I explained to them, when I actually saw him in the bank, I remember the cap, . . . the shades and the jacket. And when they brought him back, he didn't have the jacket on. He had on glasses, and he had on like a warm-up suit, a leisure suit. |
| MAGISTRATE JUDGE: | Well, did you identify that person as the person who robbed the bank? |
| MS. IVORY: | Like I said, it was kind of hard because he looked totally different because I didn't get a good look at him when he was in the banking center. And when they brought him back, . . . his hair was where you could see it and his eyes. Whereas, in the banking center, he had on the dark shades and his hair covered . . . . |
| MAGISTRATE JUDGE: | You didn't answer my question though. Did you recognize that person? |
| MS. IVORY: | No. |
| MAGISTRATE JUDGE: | You did not? |
| MS. IVORY: | No. |
| MAGISTRATE JUDGE: | And did you tell the officers that you did not recognize him? |
| MS. IVORY: | . . . I really don't remember. But I couldn't definitely say that was him because he looked totally different from what he had on in the banking center. |
| MAGISTRATE JUDGE: | Okay. All right. Go ahead . . . . |

(Id. at 40-41.)

Contrary to Defendant's assertions, this exchange simply demonstrates that the Magistrate Judge was attempting to elicit a direct response from Ms. Ivory as to when she

saw the surveillance photographs and whether she had identified Defendant as the robber during the show-up so that he could make a determination as to whether those photographs were relevant to the conditions under which the show-up was conducted. When Ms. Ivory said that she did not identify the suspect as the robber, the Magistrate Judge followed up to make sure he understood her correctly and ended his questioning. Notably, the Magistrate Judge never referred to the robber as Defendant in this exchange with Ms. Ivory, but rather simply referred to the robber as "the subject" or the "person brought back to the bank." Nor did the Magistrate Judge in any way suggest to Ms. Ivory what the content of her testimony should be regarding whether she previously identified Defendant as the robber. Accordingly, Defendant's arguments that the Magistrate Judge impermissibly suggested to Mr. Graves and Ms. Ivory that they should testify that they had previously identified Defendant as the robber are without merit, and these objections are **OVERRULED**.

The Court next turns to Defendant's objection that his presentation for identification handcuffed in front of a police car and flanked by police officers made the circumstances of the show-up unduly suggestive. (Doc. no. 132, pp. 1-2.) In support of this contention, Defendant points to language from the Supreme Court case of United States v. Wade, 388 U.S. 223 (1967), stating, "[T]he vice of suggestion created by the identification in Stovall [v. Denno, 388 U.S. 293 (1967)] . . . was the presentation to the witness of the suspect alone handcuffed to police officers. It is hard to imagine a situation more clearly conveying the suggestion to the witness that the one presented is believed guilty by the police." Wade, 388 U.S. at 234.

However, Defendant's argument ignores the fact that in Wade, the question before

5

the Supreme Court was whether courtroom identifications of a defendant at trial should be excluded because the defendant was presented to witnesses before trial at a post-indictment show-up conducted for identification purposes without notice to, and in the absence of, the defendant's appointed counsel. Id. at 219-220. In other words, in citing Stovall, the Supreme Court was concerned with the dangers inherent in show-up procedures conducted after an indictment has been issued and counsel appointed, which is not the situation here.

Indeed, in the instant case, no indictment had been issued and no attorney had been appointed to represent Defendant at the time of the show-up, since the show-up was conducted less than two hours after the robbery occurred and immediately after Defendant had been arrested and transported back to the Bank of America. Thus, this Court is not persuaded that the language quoted above and cited by Defendant stands for the proposition that the show-up in the instant case was unduly suggestive. Furthermore, as discussed by the Magistrate Judge, the Eleventh Circuit and other appellate courts have held that similar circumstances (i.e., a suspect's presentation for identification handcuffed in front of a police car and flanked by police officers) do not make a show-up unduly suggestive. (See doc. no. 116, p. 36 (collecting cases holding that show-ups where suspects were presented for identification under circumstances similar to those in this case were not unduly suggestive)). Rather, the circumstances under which Defendant was presented for identification to the bank employees - handcuffed in front of a police car and flanked by police officers - were simply "necessary incidents of on-the-scene identification" and did not make the show-up unduly suggestive. United States v. Martinez, 462 F.3d, 903, 911 (8th Cir. 2006); United States v. Bautista, 23 F.3d 726, 730 (2d Cir. 1994). Thus, this argument by Defendant is without

merit, and this objection is also **OVERRULED**.

Finally, the Court turns to Defendant's objection that the Magistrate Judge erred in failing to consider the activities at the bank following the robbery and the other conditions of the show-up collectively. (Doc. no. 127, pp. 36-38.) As alluded to above, Defendant alleged in his motions that the show-up was unduly suggestive because he was presented for identification handcuffed in front of a police car and flanked by police officers. (Doc. no. 35, pp. 8-9.) He also suggested during the hearings that the presence of media and other onlookers, as well as his contention that two show-ups were conducted, made the circumstances of the show-up unduly suggestive. Finally, Defendant implied at the hearings that the "chatter" over the police radios in the bank improperly influenced the witnesses' identifications.

The Magistrate Judge appropriately addressed all of these arguments. With respect to the first argument, the Magistrate Judge found that, as noted above, the case law demonstrated that the fact that Defendant was presented for identification handcuffed in front of a police car and flanked by police officers did not make the show-up unduly suggestive. (Doc. no. 116, pp. 35-37 (citations omitted)). As to Defendant's arguments regarding the presence of media and other onlookers, as well as the radio chatter, the Magistrate Judge found that the testimony demonstrated that the witnesses were unaware of the presence of any media or other onlookers since the blinds were closed following the robbery and that the witnesses' identifications were not influenced by any radio chatter. (Id. at 37-38, 42 n.24.) With respect to Defendant's contention that two show-ups were conducted, the Magistrate Judge noted that there was a conflict in testimony on this issue, but credited the testimony

of Sergeant Blaise Dresser ("Sgt. Dresser"), the officer who coordinated and conducted the show-up, that only one show-up was conducted because he was in a better position to know whether Defendant was presented more than once for identification to each employee. (Id. at 39-41.) Accordingly, the Magistrate Judge concluded that none of these circumstances made the show-up unduly suggestive.

As noted above, Defendant argues in his objections that the Magistrate Judge should have considered all of the circumstances described above collectively, rather than individually. While Defendant cites no authority for this proposition, the Court finds that even if all of the circumstances described above are considered collectively, they do not demonstrate that the show-up was unduly suggestive. Indeed, as discussed above, the Magistrate Judge credited the testimony of Sgt. Dresser that only one show-up was conducted and found that the witnesses were not influenced by the presence of the media or other onlookers or the radio chatter. Thus, there was no need for the Magistrate Judge to consider the issues of multiple show-ups, the presence of media and other onlookers, and the radio "chatter" together with Defendant's presentation in handcuffs in front of police car and flanked by two police officers. Furthermore, as noted above, the case law demonstrates that the fact that Defendant was presented for identification handcuffed in front of a police car and flanked by police officers does not make the show-up unduly suggestive. Accordingly, Defendant's argument that the Magistrate Judge erred in failing to consider all circumstances

of the show-up collectively is without merit, and this objection is also **OVERRULED**.[2,3]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the motions to suppress are **DENIED**. (Doc. nos. 22, 25, 29, 35.)

Further, **TAKE NOTICE** that by direction of the undersigned judge the following proceedings in the above action have been set for the places, dates and times set forth below.

**PRETRIAL CONFERENCE AND HEARING ON ALL REMAINING MOTIONS**[4]

DATE AND TIME: **AUGUST 11, 2010, at 3:00 PM**

PLACE: **FEDERAL JUSTICE CENTER
UNITED STATES COURTHOUSE
COURTROOM NO. 2
600 JAMES BROWN BLVD.
AUGUSTA, GEORGIA**

---

[2]The remainder of Defendant's objections are likewise without merit and are also **OVERRULED**.

[3]Defendant was given until May 26, 2010, to file his objections to the Magistrate Judge's Report and Recommendation. (See doc. nos. 126, 131.) While Defendant's stand-by counsel states that he received more of Defendant's handwritten objections on June 1, 2010 (doc. no. 132, p. 25), counsel has submitted a cover letter from Defendant accompanying these additional objections that is dated May 27, 2010, after the deadline for submitting objections had passed. (See doc. no. 133, Ex. A.) As these objections were not timely submitted, the Court will not consider them.

[4]At the above-scheduled hearing, Defendant and the Government shall be prepared to provide argument and/or authority in support or opposition of all remaining motions.

## JURY SELECTION AND TRIAL

DATE AND TIME:   **AUGUST 16, 2010, at 9 AM**

PLACE:   **FEDERAL JUSTICE CENTER
UNITED STATES COURTHOUSE
COURTROOM NO. 2
600 JAMES BROWN BLVD.
AUGUSTA, GEORGIA**

INSTRUCTIONS:   **Proposed voir dire questions and requests to charge shall be filed seven (7) days prior to jury selection.**

Any requests for a continuance regarding the above-scheduled proceedings are to be submitted in the form of a motion and filed with the Clerk of Court.

SO ORDERED this 30th day of June, 2010, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE